UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

07-21254
CIV-HOEVELER
MAGISTRATE JUDGE
BROWN

JAVIER RODRIGUEZ,

  Plaintiff,

vs.

SCHUTT SPORTS MANUFACTURING
COMPANY, d/b/a SCHUTT SPORTS, INC.,

  Defendant.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, JAVIER RODRIGUEZ hereby sues the Defendant, SCHUTT SPORTS MANUFACTURING COMPANY d/b/a SCHUTT SPORTS, INC., and alleges as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF THE PARTIES

1. This is an action for damages that exceeds One Hundred Thousand dollars ($100,000.00), exclusive of attorneys' fees and costs, and is within the jurisdiction of this Court as to the amount in controversy and, also on the basis of diversity jurisdiction.

2. Pursuant to 28 U.S.C. § 13191(b)(1) & (2), venue is properly placed in the United States District Court for the Southern District of Florida because this district is where the Plaintiff resides and where a substantial portion of his witnesses, including medical providers reside.

1
JOHN H. RUIZ, P.A.
5040 NW 7th Street, Penthouse 1, Miami, Florida 33126 (305) 649-0020

3. Plaintiff, JAVIER RODRIGUEZ, (hereinafter referred to as "RODRIGUEZ"), is a citizen of Miami-Dade County, Florida, is over the age of 18, and is otherwise *sui juris*.

4. SCHUTT SPORTS MANUFACTURING COMPANY[1], doing business as SCHUTT SPORTS, INC., (hereinafter referred to as "SCHUTT"), is a foreign corporation, with its principal place of business in a state other than Florida, however, SCHUTT SPORTS, INC. manufactures, sells and distributes its products all over the United States, including the State of Florida.

### FACTS GIVING RISE TO CAUSE OF ACTION

5. SCHUTT designed, manufactured, sold and distributes baseball batting helmets, including the helmet that was worn by RODRIGUEZ (hereinafter referred to as the "subject helmet"), at the time of an accident that occurred on May 26, 2005.

6. On May 26, 2005, RODRIGUEZ, was a player for the Potomac Nationals, a minor league baseball team, were playing a game in the Salem Avelanch Stadium in Salem, Virginia. As a member of the Potomac Nationals, RODRIGUEZ is provided with the necessary uniform and equipment, including a Schutt Sports Batting Helmet.

7. On May 26, 2005, RODRIGUEZ was at bat when the pitched ball struck the bill of his helmet. This action caused the bill of the helmet to dip resulting in

---

[1] Schutt Sports Manufacturing Company merged/consolidated into Schutt Sports, Inc. 1/10/2006 pursuant to the Illinois Secretary of State.

the sharp edge of the cushioned, padded lining located in the interior of the helmet, to slice into RODRIGUEZ's forehead located over his left eye.

8. As a direct and proximate result of the collision, the Plaintiff has suffered serious and permanent injuries more particularly described below.

## COUNT I - CLAIM FOR STRICT LIABILITY AGAINST SCHUTT

Plaintiff realleges and reaffirms paragraphs one (1) through eight (8) as if set forth fully herein and further alleges:

9. SCHUTT designed, manufactured, assembled, distributed, marketed and sold baseball batting helmets, including the batting helmet worn by RODRIGUEZ, knowing that it would be used without inspection for defects.

10. At all material times, the subject helmet was in substantially the same condition as when it left the possession of SCHUTT with respect to the defects alleged below.

11. At all material times hereto, SCHUTT owed a duty to design, manufacture, assemble, inspect and/or test its batting helmets and their components in such a manner so as to prevent the helmet and padding from causing injury, thereby causing a hazard and a danger for any user of the helmet, including RODRIGUEZ.

12. At all times material hereto, SCHUTT had a duty to warn consumers or intended users of defects, which it knew or should have known in the exercise of ordinary care, which defects rendered the subject helmet unreasonably dangerous to use.

13. That is was foreseeable to SCHUTT that a consumer, in particular, RODRIGUEZ, utilizing the baseball batting helmet for the purpose for which it was intended, would be struck by a baseball.

14. On May 26, 2005, and at the time the aforementioned batting helmet left the control of SCHUTT, the subject helmet was in a defective condition, unsafe and unreasonably dangerous for its intended use by foreseeable users in one or more of the following respects:

    a. The subject helmet's design, shape, size, and configuration rendered it unreasonably unstable, unsafe and prone to cause injury to a foreseeable user;

    b. The subject helmet was designed, manufactured, distributed and sold with padding that rendered it unstable, unsafe and prone to cause injury to a foreseeable user;

    c. The subject helmet was designed, manufactured, distributed and sold the subject helmet with design, engineering and dynamic characteristics that rendered it unsafe, and prone to cause injury to a foreseeable user;

    d. SCHUTT designed, manufactured, distributed and sold the subject helmet when SCHUTT knew or should have known that the internal padding of the subject helmet was unsafe, dangerous and prone to cause injury to a foreseeable user;

    e. SCHUTT designed, manufactured, distributed and sold the subject helmet so that it was unstable, unsafe and prone to cause injury to a foreseeable user upon contact or impact by a baseball;

    f. SCHUTT failed to provide the public with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable and dangerous conditions of the subject helmet;

    g. Failed to properly test, monitor and inspect the condition of the subject helmet to ensure that it was safe, suitable, and appropriate for use by a foreseeable user, including RODRIGUEZ;

    h.  SCHUTT failed to use due care in testing or inspecting the subject helmet for its functionality for the purpose for which it was intended and specifically relating to the hazardous and dangerous condition relating to the subject helmet propensity to cause injury to a foreseeable user when struck by a baseball, and consequences therefrom;

    i.  SCHUTT failed to inform the public and particularly RODRIGUEZ herein, of the defect;

    j.  SCHUTT failed to make reasonable tests and/or inspections to discover the unsafe, unstable, dangerous and hazardous condition relating to the subject helmet propensity to cause injury to a foreseeable user, and consequences therefrom, before placing the subject helmet in the stream of commerce.

15. As a direct and proximate result of one or more of the aforementioned acts and/or omissions of Defendant, SCHUTT, Plaintiff, RODRIGUEZ, has in the past suffered and will continue to suffer: (a) bodily injury within a reasonable degree of medical probability; (b) permanent pain and suffering; (c) disability and disfigurement; (d) mental anguish; (e) embarrassment and humiliation; (f) lost capacity for the enjoyment of life; (g) medical, nursing and other health care related expenses; (h) hospital expenses; (i) rehabilitation expenses; (j) aggravation of a pre-existing disease; (k) loss of earnings; (l) loss of wage earning capacity.

**WHEREFORE**, Plaintiff, JAVIER RODRIGUEZ, demands judgment for damages against the Defendant, SCHUTT, in an amount in excess of the jurisdictional limits of this Court together with all costs of the action, pre-judgment and post-judgment interest and such other additional relief as this Court may deem appropriate.

## COUNT II- CLAIM OF NEGLIGENCE AGAINST SCHUTT

Plaintiff, JAVIER RODRIGUEZ, realleges and reaffirms paragraphs one (1) through eight (8) above as if set forth fully herein and further states:

16. At all material times, SCHUTT had a duty to use reasonable care in the manner in which it designed, manufactured, assembled, distributed, marketed and sold the subject helmet, so as to avoid subjecting users of the subject helmet to an unreasonable risk of injury in the event of being struck by a baseball.

17. At all times material hereto, SCHUTT knew or should have known that the subject helmet had a greater propensity to cause injury to consumers.

18. On May 26, 2005, and at the time the aforementioned subject helmet left control of SCHUTT, this subject helmet was in a defective condition, unsafe and unreasonably dangerous for its intended use by foreseeable users and SCHUTT breached its duty in one or more of the following respects:

   a. The subject helmet's design, shape, size, and configuration rendered it unreasonably unstable, unsafe and prone to cause injury to a foreseeable user;

   b. The subject helmet was designed, manufactured, distributed and sold with padding that rendered it unstable, unsafe and prone to cause injury to a foreseeable user;

   c. The subject helmet was designed, manufactured, distributed and sold the subject helmet with design, engineering and dynamic characteristics that rendered it unsafe, and prone to cause injury to a foreseeable user;

    d. SCHUTT designed, manufactured, distributed and sold the subject helmet when SCHUTT knew or should have known that the internal padding of the subject helmet was unsafe, dangerous and prone to cause injury to a foreseeable user;

    e. SCHUTT designed, manufactured, distributed and sold the subject helmet so that it was unstable, unsafe and prone to cause injury to a foreseeable user upon contact or impact by a baseball;

    f. SCHUTT failed to provide the public with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable and dangerous conditions of the subject helmet;

    g. Failed to properly test, monitor and inspect the condition of the subject helmet to ensure that it was safe, suitable, and appropriate for use by a foreseeable user, including RODRIGUEZ;

    h. SCHUTT failed to use due care in testing or inspecting the subject helmet for its functionality for the purpose for which it was intended and specifically relating to the hazardous and dangerous condition relating to the subject helmet propensity to cause injury to a foreseeable user when struck by a baseball, and consequences therefrom;

    i. SCHUTT failed to inform the public and particularly RODRIGUEZ herein, of the defect;

    j. SCHUTT failed to make reasonable tests and/or inspections to discover the unsafe, unstable, dangerous and hazardous condition relating to the subject helmet propensity to cause injury to a foreseeable user, and consequences therefrom, before placing the subject helmet in the stream of commerce.

19. As a direct and proximate result of one or more of the aforementioned acts of negligence and/or omissions of Defendant, SCHUTT, Plaintiff, RODRIGUEZ, has in the past suffered and will continue to suffer: (a) bodily injury within a reasonable degree of medical probability; (b) permanent pain and suffering; (c) disability and disfigurement; (d) mental anguish; (e) embarrassment and humiliation; (f) lost capacity for the enjoyment of life; (g)

medical, nursing and other health care related expenses; (h) hospital expenses; (i) rehabilitation expenses; (j) aggravation of a pre-existing disease; (k) loss of earnings; (l) loss of wage earning capacity.

**WHEREFORE**, Plaintiff, JAVIER RODRIGUEZ, demands judgment for damages against the Defendant, SCHUTT, in an amount in excess of the jurisdictional limits of this Court together with all costs of the action, pre-judgment and post-judgment interest and such other additional relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff, JAVIER RODRIGUEZ, hereby demands a trial by jury of all issues so triable as of right.

**DATED** this 11 day of May, 2007.

Respectfully submitted,

                                        JOHN H. RUIZ, P.A.
                                        Counsel for TRUMPOWER
                                        5040 N.W. 7th Street, Penthouse 1
                                        Miami, Florida 33126
                                        (305) 649-0020

By: _____
          JOHN H. RUIZ, ESQUIRE
          Florida Bar No.: 928150

✎JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

**07-21254**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**CIV-HOEVELER**

**MAGISTRATE JUDGE BROWN**

### I. (a) PLAINTIFFS
JAVIER RODRIGUEZ

### DEFENDANTS
SCHUTT SPORTS MFG. CO. d/b/a SCHUTT SPORTS, INC.

(b) County of Residence of First Listed Plaintiff: **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John H. Ruiz, Esq.
5040 N.W. 7th Street, Penthouse
Miami, Florida 33126   (305) 649-0020

Attorneys (If Known)

(d) Check County Where Action Arose:  ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

DADE-07-21254-CU-WMH-STB

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Product Liability - Diversity

LENGTH OF TRIAL via **3-4** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT # 959630